[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15073
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-01276-TCB

FRANK JOSEPH SCHWINDLER,

Plaintiff - Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2015)

Before HULL, ROSENBAUM, and COX, Circuit Judges.

PER CURIAM:

Plaintiff Frank Joseph Schwindler is an inmate in the Georgia state-run prison system. He seeks prospective injunctive relief against the Commissioner of the Georgia Department of Corrections in his official capacity based on the *Ex*

*parte Young* doctrine. *See Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). The district court granted summary judgment for the Commissioner on all claims. Schwindler appeals only the district court's grant of summary judgment on his access-to-the-courts claim. *See Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977).  We reverse.

Schwindler's access-to-the-courts claim is based on his allegation that the various prisons in which he has been incarcerated have continuously denied him access to his legal files, thereby frustrating his ability to seek post-conviction relief.  He also alleges that the Georgia Department of Corrections "tortiously deprived plaintiff of between 40 and 60 percent of plaintiff's legal files and materials without due process." (Complaint, D.E. 1 at 5).  In other words, a number of his legal files have gone missing.

The district court granted summary judgment on this claim based on its determination that Schwindler had not created a genuine issue of material fact as to whether the constitutional violation was ongoing. *See Summit Med. Assocs. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) ("[T]he *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law.") (citation omitted).  The district court based its holding on two separate bases.  First, the district court concluded that the loss or destruction of Schwindler's legal files happened at a discrete moment in the past, and is, therefore, not an ongoing

violation. Since the files no longer exist, the district court reasoned, there is nothing for the district court to do about it. Second, the district court concluded that Schwindler had presented no evidence of ongoing denials of access to his files.

We review de novo a district court's grant of summary judgment, using the same standards as the district court. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1242–43 (11th Cir. 2003). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

We hold that there is a genuine issue of material fact as to whether there is an ongoing violation of Schwindler's right to access the courts for two reasons. First, Schwindler was asked in his deposition if there were "instances where [he was] not allowed access to [his] files." (Dep. of Frank Schwindler, D.E. 101-7 at 28). His response was "[t]hat's correct." (*Id.*). The Commissioner refers to this testimony as "vague, unsupported, and conclusory." (Br. for Appellee at 12). However, this is not a pleading, it is testimony. Schwindler was under oath, and need not testify with the same level of specificity as in a complaint in order for it to qualify as evidence.

Second, and most importantly, Schwindler seeks the *replacement* of his lost or destroyed files, to the extent possible. The district court ignored the possibility that the Commissioner's continued refusal to attempt to replace the files that were

3

lost while in the Georgia Department of Corrections's custody is itself an ongoing violation of Schwindler's right to access the courts.[1]

For the foregoing reasons, we find that Schwindler has created a material issue of fact as to whether there is an ongoing violation of his right to access the courts.  We reverse the judgment of the district court and remand for further proceedings.

REVERSED AND REMANDED.

---

[1] The Commissioner also seeks to defend the judgment of the district court based on Schwindler's failure to prove actual injury.  The Commissioner did not raise this issue below and, for this reason, the record has not been sufficiently developed for us to consider it.